UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LINDBLAD,<br>　　　　Plaintiff,<br>　v.<br>WALGREENS CORPORATIONS, et al.,<br>　　　　Defendants. | Case No. 21-cv-07507-TSH<br><br>**ORDER DENYING REQUEST FOR EXPERT FEES AND LAB WORK COSTS**<br><br>Re: Dkt. No. 9 |

　　　　Plaintiff Robert Lindblad, who has been granted leave to proceed in forma pauperis, brings this case against Defendants Walgreens Corporations, Starbucks Coffee, and Arapahoe County Government, alleging a conspiracy exists to deprive him of his civil rights. On October 18, 2021, he filed a request that the Court "pay costs for lab work to further entrench the conviction of the plaintiff, that there is the illegal poisonous substance strychnine in the cotton-balls and the Starbucks Coffee the plaintiff has possession of as proof of the allegations." ECF No. 9. Lindblad also requests the Court pay for "an expert sustain strengthened standing to sue."

　　　　"[T]he expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress." *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989) (alterations omitted) (quoting *United States v. MacCollom*, 426 U.S. 317, 321 (1976)). Although 28 U.S.C. § 1915 allows the court to waive prepayment of fees and costs for in forma pauperis litigants, "[t]here is no provision in the statute for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." *Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993); *see also Porter v. Dep't of Treasury*, 564 F.3d 176, 180 n.3 (3d Cir. 2009) ("We note that the granting of IFP status exempts litigants

from filing fees only.  It does not exempt litigants from the costs of copying and filing documents; service of documents other than the complaint; costs; expert witness fees; or sanctions." (internal citations omitted)); *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993) ("The magistrate judge correctly ruled that 28 U.S.C. § 1915, the in forma pauperis statute, does not waive payment of fees or expenses for witnesses."); *In re Richard*, 914 F.2d 1526, 1527 (6th Cir. 1990) ("[Section 1915] does not give the litigant a right to have documents copied and returned to him at government expense.").

As it is not authorized to subsidize the costs of his suit, the Court finds Lindblad is responsible for his own litigation expenses.  The Court therefore **DENIES** Lindblad's motion.

**IT IS SO ORDERED.**

Dated: October 18, 2021

THOMAS S. HIXSON
United States Magistrate Judge

2